IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 2747 |
| ANTHONY JONES BEY, | ) Judge Virginia M. Kendall |
| Defendant. | ) |

# **MEMORANDUM OPINION AND ORDER**

On December 15, 2011, Petitioner, Anthony Jones Bey (Jones Bey), was charged by indictment with distributing approximately 60 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). After a bench trial, the Court found Jones Bey guilty and imposed a sentence of 18 years' imprisonment—12 years below the advisory guideline range. Jones Bey now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) which declared the residual clause of the "violent felony" definition in 18 U.S.C. § 924(e) unconstitutionally vague. (Dkt. 6.) Over the course of the criminal proceedings, the Court appointed two different attorneys[1] and Jones Bey terminated both. Jones Bey then waived his right to counsel and the Court appointed him standby counsel for trial. On appeal, Jones Bey's counsel concluded that there were no non-frivolous grounds for his appeal. Jones Bey's conviction was affirmed on March 12, 2015. Now, Jones Bey attacks his sentence in this 2255 petition by alleging that his standby counsel and his appellate counsel were ineffective. Because the record reflects an appropriate level of representation, the Court

---

[1] The Court had actually appointed three attorneys, but the first attorney, Marilyn Miller, moved to withdraw on February 1, 2012 citing concerns in her caseload.

1

denies his first Section 2255 petition. While his petition was pending and before this Court had ruled on it, Jones Bey filed another Section 2255 petition (Dkt. 8) asserting that the determination that he is a career offender is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court treats his second filing within this case as a supplement to the petition and for the following reasons, his petition for collateral relief is denied.

## **BACKGROUND**

The Court appointed two different attorneys to Jones Bey before he successfully moved to represent himself. (Dkt. 7 at 2.) Jones Bey terminated the relationship with appointed attorneys Beth Jantz and later with attorney Michael Falconer. Before allowing Falconer to withdraw, the Court held a formal hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and informed Jones Bey of the risks associated with representing himself. Jones Bey repeatedly made clear that he did not want court-appointed counsel. The Court appointed Falconer as standby counsel for trial and explained to Jones Bey what the role of standby counsel:

> What that [standby counsel] means is that you're going to have to reach out to him and ask him for whatever questions you have. He can also aid you in doing things like filing your motions. Or when we get closer to trial, he can help you with . . . issuing subpoenas for witnesses. So he will be available for you, and it is at least someone who has legal training that can aid you in this regard.

Transcript of March 4, 2013 Status (Tr. S.) at 15-16. However, at trial, Jones Bey did not seek assistance from his standby counsel and did not defend his case. Jones Bey did not give an opening statement, Tr. 11; he did not to cross-examine any of the Government's witnesses; Trial Transcript (Tr.) at 56, 80, 101, 118; instead of offering specific objections to the introduction of exhibits, he only stated that he objected to the "whole proceedings"; although not obligated to do

so, he did not present any evidence of his own; and, he did not give a closing argument. Tr. at 128-129.

At trial, the government called four witnesses, including Special Agent Andrew Karceski, Special Agent Chris Labno, and Forensic Chemist Allison Kidder-Mostrom. Their testimony supported that Jones Bey knowingly distributed crack cocaine. The evidence showed that on July 8, 2010, Jones Bey sold approximately 60 grams of crack cocaine to a confidential informant ("CI"). The government introduced a recorded phone conversation between Jones Bey setting up the buy in which he agreed to get the CI to "63rd and Halsted" at "17 o'clock." Tr. at G. Ex. 3. Agent Labno was qualified, tendered, and accepted as an expert in crack cocaine transactions, and decoded this conversation. Agent Labno testified that "63rd and Halsted" is a common drug dealer phrase that means 63 grams of crack – almost exactly the amount of crack cocaine that Jones Bey delivered to the CI about a half an hour after this call. Tr. at 98-99. Agent Labno also testified that "17 o'clock" is code for $1,700, a middle-of-road price for 63 grams of crack cocaine in Joliet during the summer of 2010. Tr. at 96, 100. The government also introduced audio and video of the actual exchange of money from the CI for crack cocaine from Jones Bey. Forensic Chemist Kidder-Mostrom testified that she weighed and tested the substance Jones Bey gave the CI and found that the net weight of the substance was 60.2 grams and it contained cocaine base. Tr. at 110, 118.

After the government's closing argument, the Court found the government had proven Jones Bey guilty of distributing approximately 60 grams of crack cocaine. Tr. at 129-130. The offense carried a statutory maximum of life imprisonment. Therefore, pursuant to Guideline § 4B1.1, Jones Bey's base level offense was 37 and his Criminal History Category was VI. Jones Bey also did not qualify for an acceptance of responsibility reduction under U.S.S.G. § 3E1.1,

having never admitted his guilt or expressed remorse for his crime. Sentencing Transcript at 10-16, 17-18, 35-36. The Court imposed a sentence of 18 years' imprisonment, 12 years below the advisory guideline range.

On February 26, 2014, Jones Bey appealed his sentence and conviction. On August 28, 2014, Jones Bey's appellate counsel, Elisabeth R. Pollock of the Federal Defender Program, filed an *Anders* brief in support of a motion to withdraw as counsel. After she thoroughly reviewed the record, Ms. Pollock determined that Jones Bey could not advance any nonfrivolous challenges to the proceedings before this Court. *U.S. v. Jones-Bey*, No. 14-1422 (7th Cir. 2014) (Dkt. 22). In particular, she analyzed Jones Bey's arguments relating to ineffective assistance of counsel, the lack of jurisdiction of the trial court, and the alleged vagueness of the terms of his supervised release—arguments now raised in his Section 2255 petition. On March 12, 2015, the Seventh Circuit granted Ms. Pollock's motion to withdraw and affirmed the Jones Bey's conviction and sentence. *Id.* (Dkt. 30.).

## DISCUSSION

### I. Ineffective Assistance of Counsel

Under *Strickland v. Washington*, a defendant's Sixth Amendment right to counsel is violated when (1) counsel's performance was deficient, meaning "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment"; and (2) counsel's deficient performance prejudiced the defendant such that but for the deficiency, there is a reasonable probability that the result of the proceedings would have been different. 466 U.S. 668, 687 (1984). As to the first prong, the "[C]ourt must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and presume that it is a "sound trial strategy." *Id.* at 689; *see Menzer v. United*

*States*, 200 F.3d 1000, 1003 (7th Cir. 2000). A defendant must identify specific acts or omissions by counsel that constitute ineffective assistance, and the Court then considers whether they are outside the wide range of professionally competent assistance based on all the facts of the case. *See Menzer*, 200 F.3d at 1003. The Court must resist the urge to "Monday morning quarterback" by questioning counsel's decisions after the fact, but rather evaluate counsel's performance based on her perspective at the time. *See Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990); *Strickland*, 466 U.S. at 690. The strong presumption in favor of finding counsel's performance competent grants the greatest protection to "strategic choices made after thorough investigation of law and facts relevant to plausible options[.]" *Strickland*, 466 U.S. at 690.

The second *Strickland* prong requires the defendant to prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *United States v. Starnes*, 14 F.3d 1207, 1210 (7th Cir. 1994) (quoting *United States v. Moralez*, 964 F.2d 677, 683 (7th Cir. 1992)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Jones Bey fails to establish that his lawyers' performances were deficient or how he was prejudiced by alleged deficiencies.

**A. Standby Counsel**

Jones Bey terminated both of his attorneys and assumed full responsibility for his own representation before, during, and after trial. "[W]hatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).

Despite waiving his right to counsel, Jones Bey now asserts that his standby counsel was ineffective. A defendant who exercises his Sixth Amendment right to represent himself does not have a right to standby counsel, let alone effective standby counsel. *See Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006); *see also U.S. v. Harrington*, 814 F.3d 896, 901 (7th Cir. 2016). Nevertheless, Jones Bey argues that his standby counsel was ineffective for failing to provide guidance regarding motion in limine practice and failing to guide him in seeking a rebuttal witness to Agent Labno's expert testimony. (Dkt. 6 at 5-6.) But when Jones Bey waived his right to counsel, the Court explained the exact the role of standby counsel: "you're going to have to reach out to him and ask him for whatever questions you have." *See* Tr. S. 15-16. Jones Bey does not suggest he sought any advice or asked questions about responding to the motions in limine or experts. Instead, he altogether failed to participate in his defense and even motioned to terminate his standby counsel. (Dkt. 81.) His claim that he had ineffective trial counsel is meritless.

**B. Appellate Counsel**

"The framework for assessing the constitutional effectiveness of appellate counsel is the same two-pronged Strickland test as for effectiveness of trial counsel." *Warren v. Baenan*, 712 F.3d 1090, 1104 (7th Cir. 2013) (citations omitted). Jones Bey first argues that his appellate counsel was deficient in failing to raise Jones Bey's ineffective assistance of trial counsel claim. (Dkt. 6 at 6.) But counsel is not ineffective for failing to raise meritless claims and Jones Bey's claim that his standby counsel was ineffective, for reasons just discussed, is meritless. *Warren*, 712 F.3d at 1104.

Jones Bey next asserts that appellate counsel's performance was deficient in failing to argue the unreasonableness of his sentence and in failing to argue that the Court lacked

jurisdiction. (Dkt. 6 at 9 & 12). Appellate counsel did, in fact, raise both of those issues in an *Anders* brief. Prisoners are forbidden from relitigating in a collateral proceeding an issue that was already decided on his direct appeal. *White*, 371 F.3d at 902 (citations omitted) (prisoner barred from filing successive § 2255 motion based on claim raised in his direct appeal). An issue raised in *Anders* brief and already decided, cannot be relitigated in a Section 2255 petition. *See White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (citing cases) (for purposes of appeal, "[p]resented is presented, whether in an *Anders* brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all[.]")

Appellate counsel thoroughly considered applicable 3553(a) factors before determining that the sentence, 12 years below the guideline range, was reasonable. *Jones-Bey*, No. 14-1422 (Dkt. 22 at 31-34). The appellate court agreed, finding that any challenge to the sentence would have been frivolous and noted that a below-guidelines sentence is "presumptively reasonable[.]" *United States v. Jones-Bey¸* No. 14-1422, 595 Fed. Appx. 645, 647 (7th Cir. March 12, 2015) (citing *United States v. Long*, 748 F.3d 322, 332 (7th Cir. 2014).) As to the jurisdictional issues, from the beginning of the criminal proceedings, Jones Bey challenged the Court's jurisdiction, asserting that his status as both a Moorish national and a citizen of Illinois shielded him from the reach of federal jurisdiction, statutes, and regulations. (Dkt. 69.) Appellate counsel raised this issue and the appellate court again dismissed the claim as frivolous. *See Jones-Bey*, 595 Fed. Appx. at 646 ("the district court's jurisdiction over offenses against federal law is incontestable.") (citing cases.). Because the issue was already litigated and dismissed on direct appeal, Jones Bey cannot raise it in his Section 2255 petition. In summary, there is no evidence of appellate counsel's deficient performance and no prejudice can result from a failure to raise

7

frivolous claims, nor can Jones Bey claim any prejudice when he received a significantly reduced sentence. Accordingly, Jones Bey's claim fails under *Strickland*.

## II. Supervised Release Challenges

Next, Jones Bey challenges the conditions of his supervised release and claims the terms are vague, but again, the issue was addressed in the *Anders* brief on appeal. Specifically, appellate counsel analyzed *United States v. Siegel*, 753 F.3d 705, 717 (7th Cir. 2014), a case Jones Bey cites to for "similar views" in his petition. (Dkt. 6 at 14.) Appellate counsel determined that none of the conditions the Court imposed are similar to those determined to be vague in *Siegel*. Jones Bey also cites to *United States v. Thompson*, for "similar views" on the appropriate terms of supervised release. 777 F.3d 368 (7th Cir. 2015). But in *Thompson*, the defendant challenged the terms of supervised relief for the first time on direct appeal.

## III. Evidentiary Hearing

A petitioner in a Section 2255 action may move for an evidentiary hearing to explore the arguments asserted in his petition and "[i]f 'the files and records of the case conclusively show that the prisoner is entitled to no relief,' or if the allegations are too vague and conclusory, then an evidentiary hearing is unnecessary." *Torres-Chavez v. United States*, No 15-1353, 2016 WL 3632692 at *3 (7th Cir. July 7, 2016) (quoting 28 U.S.C. § 2255(b)). "Ineffective assistance claims generally require an evidentiary hearing if the record contains insufficient facts to explain counsel's actions as tactical." *Osagiede v. United States*, 543 F.3d 399, 412 (7th Cir. 2008). But an evidentiary hearing is not necessary if the record conclusively shows that the petitioner is not entitled to habeas relief. *See Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). The record here conclusively shows that Jones Bey's ineffective assistance of counsel claims fails,

and that all of the other arguments raised in his petition were previously raised and dismissed on direct appeal. Accordingly, Jones Bey's request for an evidentiary hearing is denied.

**IV. Supplement to his 2255 Petition**

In his supplemental filing, Jones Bey asserts that the determination that he is a career offender was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Dkt. 8 at 5-7.) *Johnson* called into question the constitutionality of the terms "violent felony" under the Armed Career Criminal Act and "crime of violence" under the career offender provisions of the Sentencing Guidelines. But Jones Bey did not qualify as a career offender based on violent crimes. Instead, he qualified based on two prior controlled substances offenses, specifically his convictions in the Will County Circuit Court for unlawful possession of a controlled substance with intent to deliver, and for unlawful distribution of a controlled substance within 1,000 feet of a church. Sentencing Transcript at 8-9, 13-15; *see also* PSR ¶¶ 21, 43, 45. Jones Bey concedes in his second petition that both of the convictions "were drug trafficking crimes that qualified as predicate offenses under the Career Offender § 4B1.1." Because *Johnson* did not touch on the guidelines' definition of "controlled substance offense," Jones Bey's petition fails on that ground as well.

## **CONCLUSION**

For the reasons provided above, the Court denies Jones Bey's motion to vacate, set aside, or correct his sentence. (Dkt. Nos. 6, 8.)

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 4/26/2017

9